HAMMOND–KNOWLTON v. EATON,
Collector of Internal Revenue.

No. 3577.

District Court, D. Connecticut.

July 31, 1934.

William H. O'Hara, of Bridgeport, Conn., for plaintiff.

George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., and Robert W. McCuen, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

THOMAS, District Judge.

This suit is brought to recover a refund of a portion of a federal estate tax. On October 10, 1925, the plaintiff's predecessor filed a return with the defendant in which, at the existing rates, a tax was computed of $79,686.06 against which a credit was claimed for state inheritance taxes of 25 per cent., amounting to $19,921.51. The sum of $59,-764.55 was therefore paid. The state inheritance tax had not, however, been paid; was not in fact paid until April 12, 1927.

By Act of February 26, 1926 (44 Stat. 9), the rates of the tax imposed by the act

of 1924 (43 Stat. 253) were reduced and the act was made retroactive as of June 2d, 1924. On or about October 21, 1926, the Commissioner of Internal Revenue, pursuant to the provisions of the act of 1926, redetermined the estate tax in the sum of $59,155.51.

On December 29, 1931, plaintiff filed with the Commissioner a statement asking that the audit and review of the return be continued so as to include proof of the payment of the inheritance tax to the state of Connecticut, which claim was rejected on July 6, 1932, on the ground that it was barred because it was not filed during the period of limitation in accordance with the provisions of section 3228, Revised Statutes, as amended by section 619 (c) of the Revenue Act of 1928 (26 USCA § 157 (a).

Sufficient has been said of the complaint to enable us to understand the affirmative defense to which this demurrer has been interposed. The only portion of the defense that need concern us here is to the effect that the claim, as well as suit thereon, was barred because it was not filed within four years next after the payment of the tax sought to be recovered. The petition of the executor of the estate was filed with the Commissioner December 29, 1931, which was more than six years after the payment of the tax sought to be recovered in this suit.

The plaintiff contends that "the four year prescription of section 1112 of the Revenue Act of 1926, as amended by section 619 (c) of the Revenue Act of 1928, is limited to claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally collected," and that "the tax regulations, Article 99, state that a tax imposed by title 3 of the Revenue Act of 1924 [26 USCA § 1091 and note et seq.] paid prior to the 1926 amendment thereof, is not deemed to have been erroneously or illegally collected, and that a claim for a refund of the excess payment is not subject to the four years' limitation."

Unfortunately for this contention there is neither warrant for the restrictive interpretation placed upon section 3228 of the Revised Statutes, as amended 26 USCA § 157 (a) nor for the applicability of the Treasury ruling. In quoting the statute, plaintiff's counsel has seen fit to italicize the words "alleged *to have been erroneously or*

*illegally assessed or collected*," as if the language italicized was the relevant or material passage. The statute, however, is not thus limited. The really relevant language is: "All claims for the refunding or crediting of any internal-revenue tax * * * alleged to *have been excessive or in any manner wrongfully collected* must * * * be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

It seems to me to be beyond cavil that this is an action brought to recover an excess of taxes paid, and so the case is clearly within the provisions of the statute which directly provides that a claim for refund for taxes paid which "*have been excessive* or in any manner wrongfully collected" must be presented to the Commissioner within four years after the payment. The case comes within the spirit and the direct literal language of the statute. I see no escape from its application. Nor is the Treasury Regulation relevant. If that Regulation assumed to obliterate the statute of limitations it was invalid. It is obvious, however, that it attempts to do no such thing. In view of the fact that the 1926 amendment was retroactive as of 1924 and in contemplation of the probability that many federal estate taxes had already been paid under the rates legislated by the act of 1924, the payment of such taxes under such rate could not rationally have been held to have been *illegally* exacted or to have come within any other category of section 3228, as amended. All that this regulation meant to legislate was that an application for a refund based solely upon the reduction enacted by the statute of 1926 would not be barred even if made after the four-year period. But in the instant case, the claim for refund is placed squarely upon the claimed credit for the payment of the Connecticut inheritance tax, a claim which was not valid and could not have been valid prior to April 12, 1927, when the state inheritance tax was paid. Obviously, then, the plaintiff's claim for refund did not arise out of the difference between the 1926 and 1924 rate or it would have been in esse immediately upon the passage of the act of 1926.

In view of the foregoing, the demurrer to the affirmative defense is overruled. Submit order accordingly properly consented to as to form.